UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

                    Plaintiff,

      - against -

HOWARD THALER, et al,

                    Defendants.
----------------------------------------------------------x

S1 04 Cr. 1204 (CLB)

*Memorandum and Order*

Brieant, J.

      Pending before this Court for decision is a renewed motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b). Familiarity on the part of the reader with the superseding indictment and the underlying trial is assumed.

      On December 1, 2005, a jury convicted Mr. Thaler, a former attorney, of conspiring to commit fraud and making false statements and for multiple substantive counts of mail and/or wire fraud arising out of six separate real estate transactions and acquitted him of the remaining counts in the indictment. A motion made pursuant to Rule 29(c) was denied by this Court and on March 9, 2006, the Court sentenced the Defendant to a substantial term of imprisonment which was below the Advisory Guideline Computation in the case, and ordered restitution in the amount of $522,496.54 together with a fine of $250,000.00 and an assessment under the Crime Control Act of $1,000.00. The Court declined to award restitution with respect to one of the counts on the theory that the victim was herself a participant in the crime charged.

      Surrender was initially ordered for May 8, 2006, later extended with the consent of the

Government to June 8, 2006. The Court declined to stay execution of the judgment apart from staying payment of the fines pending the appeal.

In this renewed motion, Defendant points out that he has paid a substantial portion of the Court's Restitution Order and is neither a flight risk nor a danger to the community by reason of any propensity to commit violent crime. He contends as a basis for the motion that he "intends to raise on appeal a number of issues that, if found in his favor, will result in a reversal or a new trial, or a sentence that is less than the expected duration of appeals in the Second Circuit."

Familiarity with the relevant statute affecting bail pending appeal on the part of the reader is assumed. At issue is whether the appeal raises a substantial question of law or fact, likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process, 18 U.S.C. § 3143(b)(B).

Our Court of Appeals, recognizing that if the trial court thought that the appeal raised such issues, it would probably have granted the Rule 29 motion, refined the statutory criteria in *United States v. Randell,* 761 F.2d 122 (2d Cir. 1985), holding that a substantial question does not mean that the trial court has to second-guess itself or predict the outcome of the appeal.

We are now informed for the first time that the appeal will be based essentially on a review of the sufficiency of the evidence on several counts as well as denial of a fair trial and the

2

claim that the sentence is "unduly harsh and unreasonable in light of the degree of 'real world' harm that resulted from the conduct."

A Defendant attacking a conviction on grounds of insufficiency bears a heavy burden. Viewing the evidence in the light most favorable to the Government, it is sufficient to support intention or contemplation on the part of Mr. Thaler of some harm to the victims. In any situation where a borrower or someone acting for the borrower lies about or withholds material information in connection with a credit application or mortgage transaction, he or she at the very least deprives the lender of the intangible right to control the use of its own assets, and also harms the lender by diminishing the ultimate value of the mortgage transaction to the bank as defined by its standard lending practices including the likelihood of resale of such loans. This is true whether or not a subsequent default ensues. *See United States v. Dinome*, 86 F.3d 277, 280 (2d Cir. 1996).

The evidence in this case shows that the Defendant and his co-conspirators intentionally provided false information to the lending institutions with respect to the bank fraud counts, about the assets and the income of the borrowers as well as the selling prices of the properties, and the amount of the down payment. On several occasions, Defendant furnished funds placed in deposit to the credit of the borrower's bank account until the credit report had been prepared, which funds he immediately recaptured.

Materiality was clearly proved by competent evidence at the trial and the fact that most

of the borrowers either refinanced or sold their property at a profit and paid off the lenders does not serve to prevent conviction.

With respect to the Richardson lot mentioned in Count 7, the evidence showed that Mr. Thaler who acted as Richardson's attorney, directed Richardson to sign the deed to B-30 Corporation, a company wholly owned by the Defendant and his partner and co-conspirator Bill Falow. Two days later, the Defendant sold the vacant lot to a corporation owned by Hector Robinson for $35,000.00 pursuant to a pre-existing arrangement which they had with Robinson. Clearly, this was a fraud on Richardson, executed by failing to explain to Richardson that the lot was going to a company which was controlled by Thaler and Falow, who had a preexisting agreement to sell it to Robinson for $35,000.00. Richardson was denied the honest professional services of a person whom he believed to be his attorney, and to the value of the vacant lot. It is of no significance that Richardson was more than happy to dispose of the entire parcel (a residence with a vacant lot to the rear) for the actual total price for which the residence was sold to Trail. That the deal was a better deal than a prior deal which Richardson had, which had fallen through, and the fact that Richardson was "desperate" to dispose of his property is of no significance. The jury was entitled to find that actual harm existed as a natural and probable result of the fraudulent scheme and therefore fraud could be inferred. *United States v. D'Amato,* 39 F.3d 1249, 1257 (2d Cir. 1994).

Similarly, with respect to Count 8, the evidence viewed most favorably to the

Government as it must be, shows that Mr. Thaler or Mr. Falow paid a shill to impersonate Herbert Best at a closing of title to the property, and they pocketed the profits which this Defendant shared with Falow.

There is simply no merit to the claim that the numerous mailings and use of wires in connection with the loan transactions were not in furtherance of the schemes to defraud. The trial jury was properly charged and the "furtherance" element was properly instructed in the jury charge.

Apart from the contention of insufficiency of evidence, Mr. Thaler also claims that there were evidentiary rulings made at the trial which were in error. Our Court of Appeals has recognized "The perfect trial. . .is as rare as the perfect crime" to *United States v. Corey*, 566 F.2d 429, 433 (2d Cir. 1977). The Court has reviewed its evidentiary rulings and believes that all of them were appropriate and within the scope of its discretion. To the extent there was no contemporaneous objection, they certainly do not rise to the level of plain error.

Defendant also raises, as error, the exclusion by this Court of the proffered testimony of the witness, attorney John DiCaro. This testimony relates only to the Best fraud. Mr. DiCaro, an attorney practicing in Rochester, New York, represented a lender holding an existing mortgage on the Best residence. The mortgage was in default. Apparently, Mr. DiCaro believed or assumed, based on his title search, that Best was still alive. He never communicated this belief concerning Best to the Defendant. Apparently, he sent the Summons and Complaint in the

foreclosure action out for service to a professional process server who produced an Affidavit of Personal Service of Process on both of the Bests at the premises. In truth and in fact, both Herbert Best and his wife were long since deceased, with the husband dying last. A Judgment of Foreclosure was entered by DiCaro, but there was never a sale pursuant to the judgment. Had this occurred, the case might have been different. Thaler and Falow, as assignees of the Judgment, did not hold a judicial foreclosure sale, possibly because they did not wish to open the bidding to outsiders or create a surplus money fund if the property sold for more than the amount of the judgment, as it likely would have. Instead, they hired the imposter to issue a deed under the name of Herbert Best. Although DiCaro acted in good faith, apparently in reliance on his process server's Affidavit of Personal Service on both of the deceased Bests, there is no evidence whatever from which Defendant could claim that he knew about it or relied on it, and the affirmative act of the participants in paying the shill who signed the deed under the name of Herbert Best combined with that fact suggests that the testimony of DiCaro would have been confusing to the jury and not helpful to the Defendant.

No motion was made pretrial to suppress the statement of Thaler in the presence of Special Agent Logallo, so that this point is waived. The Logallo statement was not of particular significance to the conviction, and was at most cumulative evidence.

Insofar as concerns a statement made by this Court in ruling on a question having to do with the "comfort" of banks generally, the Court notes that it emphasized on more than one occasion during the trial that it held no belief as to the guilt or innocence of the Defendant, and

that such decision was solely for the trial jurors to make, based on the evidence. The instructions given to the jury are fully supportive of that position.

Most of Defendant's contentions of trial error seem to this Court to be dilatory, and bordering on the frivolous. The Court could not say, based on the submissions before it, that there is a substantial question or close question being presented, nor is there anything to suggest that all counts of conviction would be reversed on appeal or, for that matter, that any of the surviving counts would be reversed.

The Court adheres to its prior decision in the matter and declines to grant bail pending appeal, and declines to extend the date of surrender beyond June 8, 2006.

X

        X

                X

                    X

SO ORDERED.

Dated: White Plains, New York
      May 17, 2006

                                                  *Charles Brieant*
                                            Charles L. Brieant, U.S.D.J.